BAILEY *against* WOODWORTH and others.

The bond required on an appeal from probate, must be taken to the judge of probate, and not to the adverse party.

THIS was an appeal from two decrees of the court of probate for the district of *Lebanon ;* one rejecting a distribution of the estate of *Samuel Bailey,* deceased ; the other, accepting a subsequent distribution of the same estate.

In the superior court, the appellees pleaded in abatement, " That no bond was taken, by said court of probate, nor any security at any time given for the prosecution of said appeal, except only as said *Roger Bailey* [the appellant] and *Abel Gay,* as his surety, before said court of probate acknowledged themselves jointly and severally bound, in a recognizance of one hundred dollars, to the adverse party, conditioned that said *Roger Bailey,* the appellant, shall prosecute his appeal and make good all damages, in case he make not his plea good ; and no bond, either to the said judge of probate, to the administrator on the estate of said deceased, or to either of said appellees, by name, was at any time given, nor any such recognizance entered into." To this plea there was a demurrer ; and the question arising thereon was reserved for the advice of this Court.

*Goddard,* in support of the demurrer, contended, That the recognizance was properly taken. This stands on the same ground as all other bonds on appeal. They are always taken to the *adverse party.* As the statute merely provides, that the person appealing " shall give bond with sufficient surety to prosecute the appeal to effect," (*Stat.* 209. *tit.* 32. *c.* 1. *s.* 36.) without saying *to whom* the bond shall be taken, this point must be settled in analogy to the proceedings in other cases of appeal. It ought not to be taken to the

judge of probate ; because in that case, it would be an *official* bond ; but an official bond cannot be taken without authority expressly given by statute. The sole object of the bond is *to secure the costs ;* in which the adverse party has all the interest, and with which the judge of probate has no concern.

*Strong*, contra, insisted, That no security had been given, the cognizee being a non-entity. The supposed analogy between this and other cases of appeal, fails ; because in those cases, the adverse party is named upon the record ; but here, it is not ascertained, at the time of the appeal, who the adverse party will be. It ought to be taken to the judge of probate, who is the trustee of all persons interested in the settlement of the estate. This is in conformity with the practice and the decisions in the superior court. *Charles Swan's* appeal, *cor. Daggett*, J. *Harvey Gallup's* appeal, *cor. Bissell*, J. *Ebenezer Strickland's* appeal, *cor. Peters*, J.

BISSELL, J. The question is upon the sufficiency of the matter pleaded in abatement.

The statute provides, that every person appealing from a sentence or decree of a court of probate, shall give bonds with surety to prosecute his appeal to effect ; but it does not prescribe *to whom* the bond shall be taken. It is understood that there has been a diversity in the practice on this subject. In some cases, the bond has been given to the judge of probate; in others, to the appellees. It is certainly desirable, that there should be a uniformity in the practice ; and as the bond for a faithful discharge of the administrator's duty, is, by statute, to be given to the judge of probate, and as he is constituted the trustee of all persons interested in the settlement of the estate, I think, that in analogy to the provisions of the statute, and to the general course of proceedings under it, the bond on appeal should also be taken to the judge of probate.

It is not always easy to determine who the adverse parties, in this proceeding, really are. The interests of the appellant and those of some of the appellees, may be, and often are, identical. Nay, the appeal may be taken and prosecuted for their benefit, although they appear as appellees, and so far, as

*Windham,*
*July, 1832.*

Bailey
*v.*
Woodworth.

the adverse party upon the record. It surely would be unjust to say, that the bond is taken for their benefit, or that they might maintain an action upon it against the nominal appellant. By giving the security to the judge of probate, all difficulties are obviated. The suit on the bond is brought in his name, and the recovery upon it, if any, is in his favour ; and as the trustee of those who have a real interest, he may so distribute the sum recovered, as to do entire justice.

It may be further remarked, that in the case before us, the security given is a *recognizance ;* and that is taken to the adverse party, without designating any one, by name, and without its appearing upon the record *who* the adverse party was. There was, indeed, no such party on the record, when the recognizance was taken. There was no cognizee ; no one in whom the right of action would vest, in case the appellant should fail to prosecute his appeal to effect.

On the ground stated, the appeal must abate ; and this advice is to be given to the superior court.

Hosmer, Ch. J. and Daggett and Williams, Js. were of the same opinion.

Peters, J. was not present when the case was decided.

Demurrer overruled.